NO. 07-07-0265-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



APRIL 15, 2008


______________________________



JUSTIN CURTIS OEHLERT, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15547-C; HON. ANA ESTEVEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

 Justin Curtis Oehlert was convicted of aggravated robbery and sentenced to twelve
years confinement and a $10,000 fine. He contends that conviction should be overturned
because the evidence is legally and factually insufficient to show that he had reached an
agreement to act with another for a common purpose or that he acted with intent to
promote or assist in the commission of the offense. We affirm the judgment. 


 Standard of Review

 The standards by which we review the legal and factual sufficiency of the evidence
are well established. We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006)
for an explanation of them. 

 Application of Standard 

 On October 5, 2003, a man (James Percy Hensley) entered the patio area and then
the rear door of Applebee's Restaurant on Soncy Road in Amarillo after closing time and
by use of a gun forced the manager to give him three Amarillo National Bank bags
containing money. He exited the restaurant and ran to the passenger side of a white S-10
pickup truck parked next to a nearby McDonald's restaurant. Approximately twenty
minutes later, a similar pickup truck was seen by police officers about seven blocks away. 
When the vehicle was stopped, Hensley, the passenger, fled the vehicle. He was later
apprehended with two of the money bags. The third money bag was found by appellant. 
 Appellant contended at trial that he had borrowed a truck from a friend and when
he made a stop, Hensley entered it with a gun and forced him to drive to the restaurant. 
Why appellant did not leave while Hensley left to commit the robbery went unexplained. 
Moreover, Hensley informed an officer that it was appellant who made him commit the
offense to pay a drug debt. Irrespective of who forced who to act, other evidence
illustrated that 1) appellant had previously been a cook for Applebee's Restaurant and was
known to fellow employees as "Weiner," 2) the employees knew that after closing, the
locked back door was often propped open to allow trash to be removed from the
restaurant, 3) the employees knew that the patio door was often broken, 4) another
employee at the restaurant had met both appellant and Hensley at the home of a different
restaurant employee although not necessarily at the same time, and 5) Hensley referred
to appellant by his nickname "Weiner." 

 The jury was instructed it could find appellant guilty if it believed he acted as a party
to the robbery. See Tex. Pen. Code Ann. §7.02(a)(2) (Vernon 2003) (one acts as a party
when, with intent to promote or assist the commission of the offense, he solicited,
encouraged, directed, aided, or attempted to aid in committing the offense). The foregoing
litany of evidence was enough to permit a rational jury to reasonably conclude, beyond
reasonable doubt, that appellant aided Hensley with the intent to promote or assist in the
robbery. And that the stories of Hensley and appellant differed did little more than create
fact disputes and credibility issues for the jury to resolve. Heiselbetz v. State, 906 S.W.2d
500, 504 (Tex. Crim. App. 1995). Moreover, the evidence indicative of guilt was not so
weak or minuscule to undermine our confidence in the verdict. So, we conclude that the
verdict was supported by both legally and factually sufficient evidence. 

 The judgment is affirmed.


 Brian Quinn 

 Chief Justice 


Do not publish.



rt did have the authority to extend the community supervision term from five years to
six because it did not exceed the maximum of ten years set forth in the Code. Because
appellant's community supervision term had not expired at the time of her subsequent
arrest and hearing, due diligence on the part of the State to place appellant under arrest
was not an issue. Rodriguez v. State, 804 S.W.2d 516 (Tex.Cr.App. 1991).

 By her pro se brief, appellant also argues her two year sentence is excessive. We
disagree. Appellant's conviction for unauthorized use of a motor vehicle, a state jail felony,
carries a penalty of 180 days to two years confinement. Tex. Pen. Code Ann. § 12.35(a)
(Vernon 1994). A trial court is vested with a great degree of discretion in imposing an
appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984) (en
banc). Any punishment assessed within the range authorized by statute is not cruel and
unusual and does not render the sentence excessive. Nunez v. State, 565 S.W.2d 536,
538 (Tex.Cr.App. 1978); Price v. State, 35 S.W.3d 136, 144 (Tex.App.-Waco 2000, pet.
ref'd), citing McNew v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. 1978). 

 Appellate review of a revocation order is limited to determining whether a trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984). In a
proceeding to revoke community supervision, the burden of proof is on the State to show
by a preponderance of the evidence that the probationer has violated a condition of
community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d
871, 873 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court
abuses its discretion in revoking community supervision. Cardona, 665 S.W.2d at 494. 
In determining the sufficiency of the evidence to sustain a revocation, we view the
evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d
419, 421 (Tex.Cr.App. 1979). Although one sufficient ground for revocation supports the
trial court's order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true
standing alone is sufficient to support the trial court's revocation order. Moses v. State,
590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

 A written stipulation of evidence was signed by appellant. She entered a plea of
true to one of the allegations contained in the State's motion to revoke. The trial court
found that appellant's plea of true was freely, voluntarily, knowingly, and intelligently made. 
In addition to the plea of true to her failure to pay court costs and fines, evidence was also
presented that she failed to report to her community supervision officer, failed to report a
change of address, and failed to complete community service. Based on the record before
this Court, we find the trial court acted within its discretion in revoking appellant's
community supervision. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no nonfrivolous issues and agree with
counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516
S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972). 

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed. 

 Don H. Reavis

 Justice


Do not publish.
























 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).